IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01419-CNS-KAS

ANDREW DEREK EVERETT,

    Plaintiff,

v.

NORTHPOINTE TRUST,
NORTHPOINTE BANK, and
NORTHPOINTE BANCSHARES, INC.,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff Andrew Derek Everett's objection to United States Magistrate Judge S. Kato Crews's Recommendation (ECF No. 9) that the Court grant Defendants' Motion to Dismiss (ECF No. 6). For the reasons set forth below, the Court OVERRULES the objection, AFFIRMS and ADOPTS the Recommendation, and GRANTS the motion to dismiss.

## I. SUMMARY FOR PRO SE PLAINTIFF

You filed your complaint on June 5, 2023, alleging that Defendants had committed (i) common law mortgage fraud, and (ii) securities fraud in violation of 18 U.S.C. § 1348 (*see* ECF No. 1). On September 11, 2023, Defendants filed a motion to dismiss your claims (*see* ECF No. 6). The Magistrate Judge recommended that the Court grant the

1

motion to dismiss (*see* ECF No. 9). You timely objected to the Magistrate Judge's Recommendation (*see* ECF No. 10).

After considering all of the arguments raised in your objection, the Court is overruling your objection, and it is affirming and adopting the Magistrate Judge's Recommendation to grant Defendants' motions to dismiss. The Court will explain why it is doing so further below. This Order will discuss the legal authority that supports this conclusion. This Order results in the dismissal of all claims in your complaint without prejudice, which means that you may refile your claims, assuming you can satisfy all procedural and jurisdictional requirements for doing so. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)).

## II.  BACKGROUND

This action arises from Plaintiff's apparent foreclosure proceedings in connection with an unspecified property. The Court has summarized the case's background and the complaint's factual allegations in a previous Order, and it incorporates those facts here (*see* ECF No. 5 at 1–2).

On September 11, 2023, Defendants moved to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6), arguing that Plaintiff lacked the Article III standing necessary for the Court's exercise of subject matter jurisdiction or, in the alternative, that Plaintiff had failed to allege sufficient factual content for his claims of mortgage and securities fraud (*see* ECF No. 6). On January 5, 2024, the Magistrate Judge

recommended granting the motion to dismiss pursuant to Rule 12(b)(6) (*see* ECF No. 9). Plaintiff timely objected to the Magistrate Judge's Recommendation on January 16, 2024 (*see* ECF No. 10).

### III.  STANDARD OF REVIEW AND LEGAL STANDARDS

#### A.  Rule 72(b)(3)

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

#### B.  Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

## IV.  ANALYSIS

Having carefully considered the Magistrate Judge's Recommendation, Plaintiff's objection, Plaintiff's complaint, Defendants' motion to dismiss, the entire case file, and relevant legal authority, the Court overrules the objection, affirms and adopts the Recommendation, and grants the motion to dismiss.

In recommending that the motion to dismiss be granted, the Magistrate Judge concluded that Plaintiff's "one paragraph Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6)" (ECF No. 9 at 5). More specifically, the Magistrate Judge reasoned that while Plaintiff purported to bring his securities fraud claim under 18 U.S.C. § 1348, that statute is a criminal statute which provides no private right of action to civil litigants like Plaintiff (*id.* at 3). Further, the Magistrate Judge explained that to the extent Plaintiff sought to bring claims based on common law fraud or "mortgage fraud,"

4

Plaintiff had not alleged those claims with particularity as required by Rule 9(b) (*id.* at 4). Even construing Plaintiff's complaint liberally,[1] the Court agrees with the Magistrate Judge's assessment.

In his objection, however, Plaintiff urges the Court to reject the Magistrate Judge's recommended disposition, insisting that he has "the right to be heard" and "the right to redress," and that "the dismissal of this case will deny [those] right[s]" (ECF No. 10, ¶¶ 1–2). Plaintiff further accuses Defendant Northpoint Bank of "refus[ing] to answer my questions or send me a valid response to the Qualified Written Request," reiterates that "[t]he value of the securities that were sent to the trust office is substantial," and recites a long definition of "securities" as that term is used in the Securities Act of 1933 (*see id.*, ¶ 5). The Court notes, however, that Plaintiff's objection is wholly unresponsive to the substance of the Recommendation, and it makes no effort to address the pleading deficiencies identified in his complaint (*see generally id.*). Put differently, Plaintiff does not specifically identify any error in the Magistrate Judge's reasoning and, in its de novo review, the Court detects none.

Not to be deterred, Plaintiff asks the Court to liberally construe his "Affidavit of Claim, Notice of Breach of Fiduciary Duty" (ECF No. 8) as an amended complaint, which would then moot Defendants' motion to dismiss (ECF No. 10, ¶ 3). Under the circumstances, the Court cannot do so. A party may only file an amended pleading as a matter of course no later than 21 days after service of a Rule 12(b) motion to dismiss;

---

[1] The Court liberally construes a *pro se* party's filings and holds them to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018).

after that time, the party may only amend its pleading with the opposing party's written consent or the court's leave. See Fed. R. Civ. P. 15(a)(1)(B), (a)(2). Here, after Defendants filed their motion to dismiss on September 11, 2023, Plaintiff did not file his purported amended complaint until 53 days later, on November 3, 2023. Nor did Plaintiff seek this Court's leave to file his amended complaint after the initial 21-day period had elapsed. As such, even if Plaintiff's "Affidavit of Claim" document could be liberally construed as an amended complaint, Plaintiff has not complied with the rules necessary for that document to become the operative complaint in this case.[2]

In sum, the Court agrees with the Magistrate Judge that granting Defendants' motion to dismiss pursuant to Rule 12(b)(6) is appropriate.

## V.  CONCLUSION

Upon review of the record, this Court concurs with the analysis and conclusions of the Magistrate Judge in full. The Court therefore OVERRULES Plaintiff's objection (ECF No. 10), and it AFFIRMS and ADOPTS the Magistrate Judge's Recommendation (ECF No. 9). Defendants' Motion to Dismiss (ECF No. 6) is GRANTED. Accordingly, Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

---

[2] Although mindful that Plaintiff is litigating *pro se* in this matter, the Court nevertheless will not act as a *pro se* party's advocate, and such a party is governed by the same procedural rules and requirements of substantive law that govern other litigants. See *Dodson v. Bd. of Cnty. Comm'rs*, 878 F.Supp.2d 1227, 1235–36 (D. Colo. 2012).

DATED this 1st day of February 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

7